UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELJAYDRO GRAY,

        Petitioner,

                                      Case No. 12-15041
vs.                                    HON. BERNARD A. FRIEDMAN

HEIDI WASHINGTON,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Eljaydro Gray ("petitioner") filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his conviction for attempted home invasion in the first-degree, M.C.L.A. 750.110a(2). For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

**I.    Background**

Petitioner pleaded guilty to the aforementioned charge in the Wayne County Circuit Court. On October 3, 2012, petitioner was sentenced to a two to five year term of incarceration. There is no indication that petitioner ever appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court. Petitioner, in fact, appears to acknowledge that he has not yet exhausted his claims with the state courts. Petitioner now seeks a writ of habeas corpus on the grounds that:

      I. His conviction was obtained through a plea of guilty that was unlawfully induced.

    II. His conviction was obtained through the use of a coerced confession.

    III. His conviction was obtained by the failure of the prosecution to disclose exculpatory evidence.

    IV. He was denied the effective assistance of counsel.

    V. He was denied the right to an initial appearance hearing.

**II.**    **Discussion**

The instant petition must be dismissed without prejudice, because petitioner failed to exhaust his claims in the state courts.

A prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-278 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-847 (1999)). Therefore, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522, (1982); *Regan v. Hoffner,* 209 F. Supp. 2d at 710, n. 3. The failure to exhaust state court remedies may be raised sua sponte by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3). Ultimately, a habeas petitioner has the burden of proving that he or she exhausted all available state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus

relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir. 1969).

In this matter, the petition is subject to summary dismissal because petitioner failed to allege or indicate whether he exhausted all state court remedies with respect to his claims. *See Peralta v. Leavitt,* 56 F. App'x 534, 535 (2d Cir. 2003); *see also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Additionally, this Court reviewed the Michigan Court of Appeals' internet website and there is no indication that petitioner filed a direct appeal of his conviction. A search of Westlaw online also failed to uncover whether petitioner ever filed a direct appeal in the Michigan Court of Appeals or the Michigan Supreme Court. [1] Thus, petitioner's claims are unexhausted.

While an exception to the exhaustion requirement exists if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts, *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002), a habeas petitioner has the burden of demonstrating that exceptional circumstances would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Here, petitioner failed to establish that the exhaustion of his state court remedies would prove to be futile as he has yet to seek relief in the state courts. Petitioner's failure to pursue these claims in state court "disqualifies his case from consideration under the narrow exception

---

[1] The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[to the exhaustion requirement]." *See Dillon v. Hutchinson,* 82 F. App'x 459, 462 (6th Cir. 2003). To the extent that petitioner argues that he did not file his direct appeal in the state courts because his trial attorney advised him to plead guilty, his contention is unavailing. *See Lundgren v. Mitchell*, 440 F.3d 754, 766 (6th Cir. 2006) (holding that claim of ineffective assistance by trial counsel could not excuse procedural default in state court on claims regarding exclusion of allegedly mitigating evidence where basis of default was failure to raise the claims on direct appeal).

The Court notes, however, that petitioner still has time to file a direct appeal in the state courts. Pursuant to M.C.R. 7.205(F)(3), a defendant may file a delayed application for leave to appeal with the Michigan Court of Appeals within six months of the judgment of sentence. Since petitioner received his sentence on October 3, 2012, he has until April 3, 2013 to file a delayed application for leave to appeal with the Michigan Court of Appeals. Petitioner would then have 56 days following the denial of any appeal by the Michigan Court of Appeals to seek leave to appeal from the Michigan Supreme Court. *See* M.C.R. 7.302(C)(3).

Furthermore, the one-year limitation on habeas review has not yet commenced because petitioner filed the instant petition before his state court conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). As a result, petitioner would not be prejudiced by the dismissal of the petition, without prejudice, during the pendency of his state court appeal and a stay of the proceedings would not be necessary to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-846 (E.D. Mich. 2001).

The Court will also deny a certificate of appealability.  A prisoner must make a substantial showing of the denial of a constitutional right to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2).  To this end, an applicant must establish that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  When a plain procedural bar is present, and the district court correctly invokes such bar to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  Under the present circumstances, no appeal would be warranted. *Id.*; *see Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).  The Court will similarly deny petitioner leave to appeal in forma pauperis because an appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal in forma pauperis is denied.

                                              S/ Bernard A. Friedman
                                              BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

Dated:_November 30, 2012
       Detroit, Michigan